RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE _____
BY _____

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

DERRICK DAVIS, aka          CIVIL ACTION NO. 08-1627
DERICK DEWAYNE DAVIS
LA. DOC. #126965
VS.                     SECTION P

                         JUDGE DRELL

WARDEN TIM WILKINSON        MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

On October 29, 2008 *pro se* petitioner Derrick Davis filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner attacks his 2006 convictions for sexual battery (La. R.S.14:43.1) and the consecutive sentences totaling 20 years imposed by the Ninth Judicial District Court, Rapides Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

Petitioner has provided a confused chronology of events. He has provided numerous court documents, pleadings, and court

orders, however, the documents are in no particular order and are not indexed, and it is impossible to determine which pleadings are associated with the various orders he has supplied. Nevertheless, the relevant chronology is as follows:

On June 8, 2005 petitioner was charged via Bill of Information with two counts of sexual battery (La. R.S.14:43.1); the offenses were alleged to have occurred between March 1 - May 8, 2005. [rec. doc. 7, p. 14] His trial began on March 14, 2006 [rec. doc. 1-4, p. 40] He was found guilty as charged on March 15, 2006. [rec. doc. 1, ¶3(b); rec. doc. 1-4, pp. 40 and 42] On May 12, 2006 he was sentenced to two consecutive 10 year sentences. He moved for an appeal. [rec. doc. 1-4, p. 41]

The Louisiana Appellate Project was appointed to represent him on appeal. Counsel argued a single assignment of error, excessiveness of sentence. [rec. doc. 9, pp. 7-18][1] On December 29, 2006 the Third Circuit Court of Appeals affirmed petitioner's convictions and sentences. State of Louisiana v. Derick Dewayne Davis, 2006-922 (La. App. 3 Cir. 12/29/2006), 947 So.2d 201.[2]

---

[1] Citing Art. 1, §20 of the Louisiana Constitution and La. C.Cr.P. art. 894.1, Counsel argued that the sentence was excessive under the Constitution and laws of the State of Louisiana. He did not argue that the sentences were in violation of the Constitution or laws of the United States.

[2] The Court noted, "Defendant did not make an oral motion for reconsideration of his sentence, or file a written motion to reconsider his sentence. According to La. Code Crim. P. art. 881.1, failure to make or file a motion to reconsider sentence precludes a defendant from raising, on appeal, any objection to the sentence. When the record does not indicate that any objection was made regarding sentencing, the defendant is precluded from appealing his sentence. [citations omitted] Although Defendant's sentencing claim is barred pursuant to La.Code Crim.P. art. 881.1, we will review

2

Petitioner implies that his court-appointed appellate counsel applied for a writ of *certiorari* in the Louisiana Supreme Court again arguing only the issue of excessiveness of sentence. [see rec. doc. 1, ¶(d)(iv) "... appellate attorney only raise excessive sentence claim which I don't understand due to all the other claims that could have been raised..."] However, counsel apparently corresponded with petitioner sometime after he received the Third Circuit's opinion on appeal and advised petitioner that any writ application seeking review of the Third Circuit's judgment on appeal would have to be filed within 30 days of December 29, 2007. [rec. doc. 9, p. 6 – Letter from Appellate Counsel dated August 15, 2007.] Nevertheless, it appears that petitioner submitted a *pro se* pleading to the Louisiana Supreme Court dated February 14, 2007. [rec. doc. 9, pp. 34-40] However, it is unclear whether this pleading sought review of the appeal because in his "Statement of the Case" petitioner alleged, "Defendant filed 2 application with the Third Circuit Court (one) which was denied the other wasn't answered

---

Defendant's sentence for bare excessiveness in the interest of justice. [citations omitted]" The Court then noted that the sentence was not excessive under the Louisiana Constitution and the consecutive nature of the sentences was "...appropriate under La. Code Crim.P. art. 883."

The Court noted that the sentence was illegally lenient because the trial court failed to deny eligibility for diminution of sentence as mandated by La. R.S.15:537(A). Therefore, the Court of Appeals amended his sentence and instructed the trial court to amend the minutes of court to reflect that amendment. The trial court complied with that directive on January 31, 2008. [rec. doc. 1-4, p. 41] See State v. Davis, 06-922 (La. App. 3 Cir. 12/29/06), rec. doc. 9, pp. 19-26.

the mandamus application." He also alleged the following claims for relief: (1) illegal sentence; (2) ineffective assistance of trial counsel; (3) illegal alteration of sentence by the Third Circuit; and (4) insufficiency of the evidence. [*Id.*] The application to proceed *in forma pauperis* associated with this pleading was executed on June 22, 2007. [rec. doc. 9, pp. 41-44]

Petitioner apparently filed another *pro se* pleading in the Louisiana Supreme Court on March 1, 2007 in which he argued the following claims: (1) excessiveness of sentence; (2) insufficiency of the evidence; (3) illegal alteration of an illegal sentence. [rec. doc. 9-3, pp. 48-49 and 9-4, pp. 109]

On November 21, 2007 writs were denied. State ex rel. Derrick Dewayne Davis v. State of Louisiana, 2007-0457 (La. 11/21/2007), 967 So.2d 535. [see also rec. doc. 9, p. 45]

In February 2007, a pleading filed in the Third Circuit was returned to petitioner unfiled. [rec. doc. 1-4, pp. 10-15]

On March 7, 2007 petitioner filed a pleading in the Third Circuit which was assigned Docket Number KH 07-00287. [rec. doc. 9-5, p. 46]

On some date prior to March 23, 2007 petitioner filed a *pro se* application for post-conviction relief in the Ninth Judicial District Court. He argued (1) one of the victims was provided a transcript of a pre-trial interview to help refresh her recollection while testifying at trial; (2) ineffective

4

assistance of trial counsel; (3) violation of constitutional rights based on his absence from the preliminary examination and the pre-trial conference. On March 23, 2007 the trial judge denied relief and provided written reasons for judgment. [rec. doc. 1-4, pp. 55-58; rec. doc. 9-2, p. 49 and rec. doc. 9-3, pp. 1-3]

On March 30, 2007 petitioner filed a writ application in the Third Circuit Court of Appeal. The matter was assigned Docket Number KH 07-00401 [rec. doc. 9-5, p. 48], and, on May 30, 2007 the Third Circuit denied writs noting,

> There is no error in the trial court's ruling. A motion to amend sentence is untimely. La. Code Crim. P. art. 881. A motion to reconsider a legal sentence had to be filed within thirty days. La. Code Crim.P. art. 881.1. Sentencing claims are not cognizable in an application for post-conviction relief. See State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172, reconsideration denied, 93-380 (La. 2/16/96), 667 So.2d 1043; State v. Hebreard, 98-385 (La. App. 4 Cir. 3/25/98), 708 So.2d 1291. Further Relator's sentence is not illegal. State v. Moore, 93-1632 (La. App. 3 Cir. 5/4/94), 640 So.2d 561, 563, writ denied, 94-1455 (La. 3/30/95), 651 So.2d 858. Additionally, Relator's claim is repetitive having been considered on appeal. La.Code Crim.P. art. 930.4. State of Louisiana v. Derrick Dewayne Davis, No. KH 07-00401 at rec. doc. 1-4, p. 51.[3]

In a *pro se* pleading entitled "Application for Supervisory Writ

---

[3] It is unclear whether petitioner has provided the pleading associated with this writ judgment; however, it does not appear that the writ application associated with this judgment sought review of the application for post-conviction relief which was denied by the trial court on March 23, 2007 since it appears that this particular writ application raised sentencing error and the post-conviction application raised claims related to the trial and conviction.

of Review and Certiorari" filed in the Third Circuit and dated
April 5, 2007, petitioner sought review of the denial of his
application for post-conviction relief by the District Court.
[rec. doc. 9-3, pp. 38-47]

On April 16, 2007 petitioner filed another writ application
in the Third Circuit Court of Appeals. (Petitioner's writ
application was dated April 5, 2007. [rec. doc. 9-3, pp. 38-47])
This writ application was assigned Docket Number KH-07-00469 [see
rec. doc. 9-5, p. 49]. On July 18, 2007 the Third Circuit denied
writs noting, "There was no error in the trial court's ruling.
Furthermore, the issues of sufficiency of the evidence, erroneous
jury instructions, and joinder were not raised in Relator's
application for post-conviction relief. Therefore, the claims are
not properly before this court." State of Louisiana v. Derrick
Dewayne Davis, No. KH 07-00469 at rec. doc. 1-4, p. 53.[4]

On April 22, 2008 petitioner filed another writ application
in the Third Circuit Court of Appeals. This matter was assigned
Docket Number KH 08-00480. On May 5, 2008, the Third Circuit,
citing State ex rel. Simmons v. State, 93-275, 94-2630, 94-2879
(La. 12/16/94), 647 So.2d 1094 and State ex rel. Bernard v.
Criminal Dist. Court Section "J", 94-2247 (La. 4/28/95), 653

---

[4] It is not clear whether petitioner provided the pleading associated
with this judgment. However, it appears that this was a writ application
seeking review of the trial court's March 23, 2007 denial of petitioner's
application for post-conviction relief.

6

So.2d 1174, denied writs noting, "There are no errors in the

trial court's rulings." State of Louisiana v. Derrick Dewayne

Davis, KH 08-00480 at rec. doc. 1-4, p. 50.[5]

On May 12, 2008 petitioner filed yet another writ

application in the Third Circuit Court of Appeals. This pleading

was assigned Docket Number KH 08-00540. [rec. doc. 1-4, pp. 48

and 49; rec. doc. 9-5, p. 47] On July 30, 2008 the Third Circuit

denied writs noting, "The sole issue raised in Relator's

application to this court has been previously ruled on by the

court. See State v. Davis, an unpublished writ bearing docket

number 07-469 (7/18/07). The application is therefore denied as

repetitive. See La. Code Crim.P. art. 930.4(A)." State of

Louisiana v. Derrick Dewayne Davis, KH 08-00540 at rec. doc. 1-4,

___

[5] Again, it is unclear whether the pleading associated with this writ
judgment has been provided. Based on the cases cited, it is safe to conclude
that petitioner was attempting to obtain trial transcripts or other court
related documents. His request was apparently denied in the District Court and
then denied on the basis of the cited jurisprudence by the Third Circuit. Both
cases stand for the proposition that indigent inmates must demonstrate a
"particularized need" for court documents they seek free of charge. The court
in Bernard further noted, "For the inmate requesting documents in anticipation
of a collateral attack on his conviction, adequate opportunity to present his
claims requires first and foremost meaningful access to the post-conviction
procedures provided by the legislature in La.C.Cr.P. art. 924 et seq. That
access does not require the state to underwrite the inmate's efforts to
overturn his conviction and sentence by providing him generally with documents
'to comb the record for errors.' State ex rel. Payton v. Thiel, 315 So.2d 40
(La.1975). If an inmate has identified specific constitutional errors in the
proceedings leading to his conviction and sentence, as required by La.C.Cr.P.
art. 930.3, he may also 'specify[ ] with reasonable particularity the factual
basis for such relief,' and thereby meet the initial requirements set forth in
La.C.Cr.P. art. 926 for filing the application and invoking the post
conviction articles. An inmate therefore cannot make a showing of
particularized need absent a properly filed application for post conviction
relief which sets out specific claims of constitutional errors requiring the
requested documentation for support." State ex rel. Bernard v. Criminal Dist.
Court Section J, 653 So.2d at 1175. (emphasis supplied)

7

p. 49; rec. doc. 9-4, p. 44.[6]

On July 10, 2008 the Third Circuit received another pleading filed by petitioner and assigned it Docket Number KH 08-00864. [rec. doc. 9-4, p. 45]

On July 18, 2008 petitioner filed another application for post-conviction relief in the Ninth Judicial District Court raising claims of (1) false evidence; (2) double jeopardy and/or improper joinder of offenses and/or excessive sentence; (3) insufficiency of the evidence. [rec. doc. 9-3, pp. 31-37]

On August 18, 2008 petitioner filed another writ application in the Third Circuit. The matter was assigned Docket Number KH 08-1036. [rec. doc. 1-4, p. 47].[7] On January 29, 2009 this writ was denied by the Third Circuit: (1) because the pleading was repetitive; (2) because petitioner failed to raise the issues originally in the District Court; and (3) because he sought review of sentencing error in an application for post-conviction relief. [rec. doc. 9-2, p. 39]

On October 23, 2008 petitioner apparently filed another application for post-conviction relief in the Ninth Judicial District Court, again raising claims of (1) false evidence,

---

[6] It does not appear that petitioner provided the writ application associated with this judgment. The reference to the ruling under Docket Number KH 07-00469 suggests that petitioner was attempting to revisit the issues raised in the application for post-conviction relief.

[7] Again, it is unclear whether petitioner provided the writ application associated with this writ notice.

(2) double jeopardy and/or improper joinder of offenses and/or excessive sentence; (3) insufficiency of the evidence. [rec. doc. 9-2, pp. 23-38]

Petitioner filed his federal petition on October 29, 2008. He argues four claims for relief: (1) ineffective assistance of counsel ("My attorney ... failed to represent me to a professional level; he failed to investigate my case properly because I had given him names of witnesses that could clear my name or at least discredit the testimonies of the witnesses because one of the witnesses, Mr. Lee Lemon was accused by the same alleged victims..."); (2) Insufficient evidence ("The evidence that was presented was a video taped confession and an audio confession and body diagrams that pointed to the places that ...[were] touched on each victim and this evidence was a fabrication..."); (3) Coerced confession ("... the victim was reading from a paper to answer the questions..."); and (4) Violation of Constitutional rights ("My conviction was obtained in violation of my Constitutional rights because the evidence that was used to arrest me was false..." [rec. doc. 1, ¶5]

On December 29, 2008 petitioner filed a Supplemental Brief raising the following additional claims for relief: (1) improper joinder of offenses; (2)illegal sentence based on the fact that petitioner did not personally sign or agree to a pre-trial

9

stipulation; (3) petitioner was tried by a 6 person jury instead of a 12 person jury as mandated by Louisiana law; (4) since an improper number of jurors were seated, the sentence is illegal; (5) excessive sentence based upon court's failure to consider evidence in mitigation. [rec. doc. 7]

Meanwhile, on December 11, 2008 petitioner apparently filed a writ application in the Third Circuit seeking review of a trial court judgment denying his motion to modify sentence. It appears that he also filed a pleading seeking mandamus relief. [rec. doc. 9, pp. 27-33; see also rec. doc. 9-4, pp. 30-33]

On February 4, 2009 petitioner apparently filed yet another application for post-conviction relief in the Ninth Judicial District Court. [rec. doc. 9-3, pp. 22-30]

On some unknown date in 2009 petitioner apparently filed a Motion to Correct an Illegal Sentence in the District Court. [rec. doc. 9-4, pp. 16-29]

On February 11, 2009, the undersigned completed an initial review and observed that petitioner's claims for relief were not fairly presented to the Louisiana Supreme Court and therefore federal review of his claims might be barred because petitioner failed to exhaust state court remedies. Petitioner was instructed to provide proof that he exhausted state court remedies; to demonstrate whether such remedies remained available; and, if not, to demonstrate cause and prejudice or actual innocence to

10

justify review of his unexhausted but procedurally defaulted claims. [rec. doc. 8]

On February 25 and 26, 2009 he responded to the order providing additional documents and a statement concerning exhaustion, procedural default, and cause and prejudice. [rec. doc. 9 and 10] Petitioner apparently conceded the issues of exhaustion and default, however he presented various arguments to establish cause for his default, as follows: (1) ineffective assistance of appellate counsel - "Petitioner contends that his case was appealed by the 'Appellate Project' and only one claim was challenged and he don't know why there wasn't more. Petitioner knew nothing about the law and didn't even know what was going on. But through time, petitioner has learned that, it should have been more claims addressed on his direct appeal, because numerous errors was made all through the proceedings of trial and before hand." [rec. doc. 10, pp. 3-4]; (2) inadequate law library - "[T]he reason that he didn't follow up on this appeal and other relief was because he didn't know nothing about the law and was placed in confinement where the law library was inadequate ...; and (3) ignorance of the law - "... he wasn't familiar with the law and had no one to advise him of the right things to do and the proper way of doing them." [Id., p. 4]

Petitioner further alleged that he had no "... other 'Post Conviction Relief' pending at this time..." [Id. , p. 5]

## *Law and Analysis*

### *1. Exhaustion of State Court Remedies*

Title 28 U.S.C. §2254 states, in pertinent part:

(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

12

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). "[F]ederal constitutional claims must have been presented to and considered by the state courts in a federal constitutional framework before resort can be made to federal courts." Yohey v. Collins, 985 F.2d 222, 226 (5th Cir.1993). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3, 7 (1982) (*per curiam*) (internal citation omitted).

In addition, a federal *habeas* petitioner must "fairly present" his federal constitutional claim to the highest state court. Skelton v. Whitley, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom*. Skelton v. Smith, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir.1985); Carter v. Estelle, 677 F.2d 427, 443 (5th

Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Thus, in order to properly exhaust a claim in the Louisiana courts, a federal litigant must have (1) fairly presented the substance of his federal constitutional claims (2) in a procedurally correct manner (3) to the Louisiana Supreme Court. Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.2001; Deters v. Collins, 985 F.2d 789, 795 (5th Cir.1993).

### a. Petitioner's habeas claims were not presented to the Louisiana Supreme Court in a "procedurally correct manner."

Petitioner advances nine claims for relief in his petition and amended petition for *habeas corpus*, summarized as follows: (1) ineffective assistance of trial counsel ("My attorney ... failed to represent me to a professional level; he failed to investigate my case properly because I had given him names of witnesses that could clear my name or at least discredit the testimonies of the witnesses because one of the witnesses, Mr. Lee Lemon was accused by the same alleged victims..."); (2) Insufficient evidence ("The evidence that was presented was a video taped confession and an audio confession and body diagrams that pointed to the places that ...[were] touched on each victim and this evidence was a fabrication..."); (3) Coerced confession ("... the victim was reading from a paper

14

to answer the questions...");

(4) Violation of Constitutional rights ("My conviction was obtained in violation of my Constitutional rights because the evidence that was used to arrest me was false..." [rec. doc. 1, ¶5];

(5) improper joinder of offenses;

(6)illegal sentence based on the fact that petitioner did not personally sign or agree to a pre-trial stipulation;

(7) petitioner was tried by a 6 person jury instead of a 12 person jury as mandated by Louisiana law;

(8) since an improper number of jurors were seated, the sentence is illegal; and,

(9) excessive sentence based upon court's failure to consider evidence in mitigation. [rec. doc. 7]

It appears that these, or similar claims were raised in one or more of the applications for post-conviction relief or other post-trial pleadings filed in the Ninth Judicial District Court and the Third Circuit Court of Appeals between December 29, 2006 (the date petitioner's judgment of conviction and sentence were affirmed by the Louisiana Third Circuit Court of Appeals) and the present. However, the exhibits tendered by the petitioner, along with the presumptively reliable published jurisprudence of the State of Louisiana establish that **NONE** of these claims were

presented to the Louisiana Supreme Court.[8]

As noted above, a claim is not considered exhausted until such time as it is fairly presented to the State's highest court in a procedurally correct manner. Petitioner apparently filed a pro se writ application in the Louisiana Supreme Court, however, he could not seek review of any claims that were not first presented to the Court of Appeals [see La. Supreme Court Rule X, §1(a)], and, as shown above, the only claim raised on appeal was the claim of excessiveness of sentence which in turn was based on a violation of the Louisiana Constitution. In other words, even if petitioner raised each of his federal claims in the writ application to the Supreme Court on direct review, a highly dubious proposition, those claims, having not been raised in the Court of Appeals, were not thereafter fairly presented to the Supreme Court.

It is unclear whether petitioner's excessiveness of sentence claim was presented to the Louisiana Supreme Court on direct review. Nevertheless, as previously noted, that claim was presented to the Court of Appeals solely as a violation of the

---

[8] As noted above, the published jurisprudence reveals only one writ judgment by the Louisiana Supreme Court involving petitioner, and that writ judgment references the Third Circuit's Docket Number on direct appeal (No. 06-922) indicating that the Supreme Court denied supervisory or remedial writs on direct review. See State of Louisiana ex rel. Derrick Dewayne Davis v. State of Louisiana, 2007-0457 (La. 11/21/2007), 967 So.2d 535.

Further, the Clerk of the Louisiana Supreme Court has advised that petitioner had no writ applications pending before that Court as of June 2, 2009. Finally, Petitioner has also alleged that he has no "... other 'Post Conviction Relief' pending at this time..." [rec. doc. 10, p. 5]

16

Louisiana Constitution. As noted above, "... federal constitutional claims must have been presented to and considered by the state courts in a <u>federal constitutional framework</u> before resort can be made to federal courts." <u>Yohey v. Collins</u>, 985 F.2d 222, 226 (5th Cir.1993). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3, 7 (1982) (per curiam) (internal citation omitted). Petitioner, having presented a single State law claim to the Third Circuit Court of Appeals, could only seek review of that identical claim in the Louisiana Supreme Court. Therefore, even if the excessiveness of sentence claim was raised in the Supreme Court, it was not raised as a federal claim and therefore this claim also remains unexhausted.

## 2. *Technical Exhaustion and Procedural Default*

Since petitioner failed to fairly present the substance of his federal claims for relief to the Louisiana Supreme Court, those claims remain unexhausted. It appears, however, that these claims, while unexhausted, may be considered "technically" exhausted since it is unlikely that petitioner could return to the Louisiana Supreme Court to re-litigate the claims.

Louisiana Supreme Court Rule X, §5(a) provides a thirty-day period of limitations to seek review of the judgment of the Court

of Appeal, and this period is reckoned from the date that the Court of Appeals' judgment was mailed. With respect to petitioner's current habeas claims, the time for seeking review of those claims in the Supreme Court has long ago lapsed.

Further, should petitioner attempt to raise any of these claims anew, either in the Ninth Judicial District Court or the Third Circuit Court of Appeals, such claims would be subject to dismissal as repetitive pursuant to La. C.Cr.P. art. 930.4. (Indeed, the evidence submitted by the petitioner establishes that the procedural bar of art. 930.4 has already been invoked several times to bar review of petitioner's improperly filed or successive and repetitive post-conviction claims. See State of Louisiana v. Derrick Dewayne Davis, No. KH 07-00401 at rec. doc. 1-4, p. 51; State of Louisiana v. Derrick Dewayne Davis, No. KH 07-00469 at rec. doc. 1-4, p. 53; State of Louisiana v. Derrick Dewayne Davis, KH 08-00540 at rec. doc. 1-4, p. 49; rec. doc. 9-4, p. 44; State of Louisiana v. Derrick Dewayne Davis, KH 08-01036 at rec. doc. 9-2, p. 39).

In other words, petitioner's unexhausted claims must now be considered "technically" exhausted since State court remedies are no longer available. However, by the same token, these claims must now be considered procedurally defaulted. The procedural default doctrine bars federal *habeas corpus* review if the state courts would <u>now</u> refuse to address a *habeas* petitioner's

18

unexhausted federal claim because litigation of those claims would be barred by state procedural rules.

Federal *habeas* review of these "technically" exhausted but now procedurally defaulted claims is barred "...unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750-51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

As previously noted, anticipating the strong possibility that petitioner's claims were not properly exhausted but now procedurally defaulted, the undersigned, in a Memorandum Order dated February 11, 2009 directed petitioner to (1) prove exhaustion of state court remedies with respect to each of his claims; (2) demonstrate whether state court remedies might remain available in the event that the claims were not exhausted; (3) demonstrate "cause and prejudice" or a miscarriage of justice in the event that his claims were determined to be technically exhausted but now procedurally defaulted. [rec. doc. 8]

In response, petitioner argued "cause" for his default – ineffective assistance of appellate counsel, inadequate law library, and ignorance of the law – however, he offered no argument or evidence with respect to the issues of prejudice or miscarriage of justice. [rec. doc. 10]

### A. Cause

In <u>Murray v. Carrier</u>, 477 U.S. 478, 106 S.Ct. 2639, 91
L.Ed.2d 397 (1986), the Supreme Court explained that "cause" in
the context of a procedural default refers to an impediment
<u>external</u> to the defense: "[W]e think that the existence of cause
for a procedural default must ordinarily turn on whether the
prisoner can show that some objective factor external to the
defense impeded counsel's efforts to comply with the State's
procedural rule. Without attempting an exhaustive catalog of such
objective impediments to compliance with a procedural rule, we
note that a showing that the factual or legal basis for a claim
was not reasonably available to counsel, or that some
interference by officials made compliance impracticable, would
constitute cause under this standard." <u>Murray v. Carrier</u>, 477
U.S. at 488, 106 S.Ct. at 2645 (internal citations omitted).

#### a. Ineffective Assistance of Appellate Counsel

Petitioner first argues that the cause of his default was
his appellate counsel's ineffective assistance. According to
this theory, appellate counsel was ineffective because he failed
to raise and argue each of the instant claims on direct appeal.

Counsel's ineffectiveness may suffice as "cause" but only if
that ineffectiveness has been properly presented to, and
exhausted in, the Louisiana courts as a separate and distinct
claim for relief. In other words, if petitioner intends to rely

on the alleged ineffective assistance of appellate counsel as
cause, he must have first independently exhausted that claim. See
Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d
518 (2000); Stewart v. LaGrand, 526 U.S. 115, 120, 119 S.Ct.
1018, 143 L.Ed.2d 196 (1999); Carrier, 477 U.S. at 489. This, was
not done in petitioner's case. As shown above, petitioner
litigated NO post-conviction claims in the Louisiana Supreme
Court; and, even those claims of ineffective assistance of
counsel raised in the lower court faulted trial counsel and not
appellate counsel.  In short, petitioner cannot rely on
ineffective assistance of appellate counsel as cause for his
default.

### b. Inadequate Law Library and Ignorance of the Law

In addition, petitioner argues that the inadequacies of the
law libraries at the various institutions he has been confined
in, coupled with his ignorance of the law, caused him to default
his federal claims. Such allegations are insufficient to
establish cause excusing a *habeas* petitioner's default. Compare
United States v. Liedtke, 107 Fed. Appx. 416 (5th Cir.2004)
(unpublished); see also Saahir v. Collins, 956 F.2d 115, 118 (5th
Cir.1992).

Clearly, the cause of the default was petitioner's failure
to properly advance his federal constitutional claims in a
systematic manner to and in the Third Circuit Court of Appeal and

21

the Louisiana Supreme Court. This failure was clearly not "... an impediment external to the defense..." Thus, petitioner cannot show "cause" for his default.

Further, if a *habeas* petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. Saahir v. Collins, 956 F.2d 115, 118 (5th Cir.1992).

### *B. Prejudice*

In any event, "[i]n addition to cause, [a procedurally defaulted *habeas* petitioner] must show actual prejudice to overcome the procedural bar." United States v. Guerra, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, but for the error, he might not have been convicted." *Id.* (emphasis supplied); see also Pickney v. Cain, 337 F.3d 542, 545 (5th Cir.2003). Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. Barrientes v. Johnson, 221 F.3d 741, 769 (5th Cir.2000). Even if petitioner were to establish cause for his default, he has made no attempt to establish prejudice and has provided no reason to suspect that the Louisiana courts would rule favorably on his defaulted claims.

### *C. Miscarriage of Justice*

Since petitioner has failed to show "cause and prejudice"

for his default, federal review of the "technically exhausted" claims may therefore be had only if necessary to avoid a fundamental miscarriage of justice. Coleman, 501 U.S. at 750, 111 S.Ct. 2546

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); Glover v. Cain, 128 F.3d 900, 904 (5th Cir. 1997). To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime. Corwin v. Johnson, 150 F.3d 467, 473 (5 Cir.1998); Ward v. Cain, 53 F.3d 106, 108 (5th Cir.1995). Thus, the petitioner must make a "colorable showing of factual innocence." Callins v. Johnson, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting McClesky v. Zant, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993).

Petitioner has not shown as a factual matter that he is actually innocent of the crimes of conviction. Thus, he has not shown that he will suffer a fundamental miscarriage of justice from this court's failure to consider his current *habeas corpus* claims. Accordingly, petitioner cannot avoid procedural default

of these claims on the grounds of actual innocence.[9]

### 3. Conclusion and Recommendation

As has been shown, petitioner did not fairly present the substance of his federal claims to the Louisiana Courts in a procedurally proper manner. All of the claims are subject to dismissal under various theories of exhaustion, technical exhaustion and procedural default. Petitioner has shown neither cause nor prejudice for his default; nor has he shown actual innocence so as to warrant review of his claims.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases since petitioner's claims were not exhausted, and, although they are now technically exhausted, they must be dismissed as procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10)

---

[9] Of course, petitioner may again object to this Report and Recommendation. In the event that he does object, he is encouraged to provide argument and evidence of "cause and prejudice" and "miscarriage of justice." Additionally, he is also encouraged to submit argument and evidence to establish that he either exhausted his federal claims, or that there were no state court remedies available, or that he still has the right to avail himself of state court remedies.

days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* **Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Alexandria, Louisiana, this _____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE